1

2

3

4

5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| MICHAEL GONZALES, | CASE NO. 1:11-CV-00618-LJO-DLB PC |
|---|---|
| Plaintiff, | ORDER DENYING OBJECTIONS, CONSTRUED AS MOTION FOR |
| v. | RECONSIDERATION |
| RAY CORTEZ, et al., | (DOC. 4) |
| Defendants. | |
| _____/ | |

Plaintiff Michael Gonzales ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action.  On May 5, 2011, the Court dismissed Plaintiff's action without prejudice for failure to pay the filing fee.  Plaintiff was also found to be ineligible to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915(g).[1]  Pending before the Court are Plaintiff's objections filed May 20, 2011, construed as a motion for reconsideration.  Doc. 4.

The court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.

---

[1] Plaintiff has accrued three or more strikes pursuant to 28 U.S.C. § 1915(g) as of July 8, 2008.  The qualifying cases are: *Gonzales v. Galaza, et al.*, Case No. 1:00-cv-06028-AWI-HGB PC (E.D. Cal.) (dismissed June 15, 2001 for failure to state a claim); *Gonzales v. Gadsden, et al.*, Case No. 1:04-cv-05491-OWW-LJO PC  (E.D. Cal.) (dismissed December 11, 2006 for failure to state a claim); *Gonzales v. Vikjord, et al.*, Case No. 1:06-cv-01568-OWW-WMW PC (E.D. Cal.) (dismissed July 8, 2008 for failure to state a claim); *Gonzales v. Yamat, et al.*, Case No. 1:05-cv-00550-AWI-DLB PC (E. D. Cal.) (dismissed August 15, 2008 for failure to state a claim); *Gonzales v. Fresura, et al.*, Case No. 1:07-cv-00565-OWW-GSA PC (E.D. Cal.) (dismissed February 3, 2009 for failure to state a claim).  The Court had previously listed *Gonzales v. Price*, 1:07-cv-01391-AWI-SMS PC (E.D. Cal.) as a qualifying case.  That case, however, is still ongoing, and does not count as a strike under § 1915(g).

1

1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The Court may grant relief from an order for any reason that justifies relief.  Fed. R. Civ. P. 60(b).

Here, Plaintiff contends that he is under imminent danger of physical injury from Defendant Ray Cortez.  Plaintiff contends that Defendant Ray Cortez has used excessive force on Plaintiff twice.  Plaintiff contends that Defendant Ray Cortez has threatened to assault Plaintiff again.

Plaintiff's argument is unpersuasive.  The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007).  The Ninth Circuit found that "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement."  *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)).  Thus, "a prisoner who alleges that prison officials continue with a practice that has

injured him or others similarly situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056-67 (quotations omitted). Here, as alleged in Plaintiff's complaint, the threat of harm from Defendant Ray Cortez is speculative.  It is not the sort of imminent danger as described in *Andrews*.[2]

Accordingly, it is HEREBY ORDERED that Plaintiff's objections, construed as a motion for reconsideration, are denied.

IT IS SO ORDERED.

**Dated:   May 24, 2011**                                    **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff also contends that the undersigned is biased against Plaintiff, and should recuse himself. Plaintiff presents no other argument to justify the undersigned's recusal from this action.  Plaintiff's request is denied.